IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-02960-WYD

ROSS LUCERO,

    Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER**

---

THIS MATTER is before the Court in connection with Plaintiff's Unopposed Motion for Award of Attorney Fees filed June 26, 2014.  Plaintiff moves for an order directing the Defendant to pay attorney fees and the filing fee under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for work performed by Plaintiff's counsel in this social security appeal filed under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Specifically, the motion seeks an award of fees in the amount of $6,764.00 for 35.6 hours of attorney time at $190.00 an hour.  The motion indicates that it is unopposed.  Attached to the motion in support thereof are the Fee Agreement and an itemization of counsel's fees and expenses.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances

make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the Government's position was substantially justified rests with the Government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the Government's position must have had a reasonable basis in both law and fact. *Id.*

Having reviewed Plaintiff's motion and being fully advised in the premises, I find that Plaintiff has shown that an award of fees under the EAJA is appropriate as Plaintiff was the prevailing party and the Commissioner is not contesting the motion. In other words, while the Commissioner does not concede the issue of substantial justification, she has not made any argument or shown that the position of the United States was substantially justified or that special circumstances make an award unjust. Accordingly, it is

ORDERED that Plaintiff's Unopposed Motion for Award of Attorney Fees (ECF No. 22) is **GRANTED**. Defendant shall pay to Plaintiff, through counsel, reasonable attorney fees and costs in the amount of **$6,764.00**.

Dated June 26, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge